UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
MARC JASMIN,

                    Plaintiff,

                                        <u>MEMORANDUM & ORDER</u>
        -against-                       14-CV-1671(JS)(ARL)

NASSAU COUNTY SHERIFF DEPT.;
SHERIFF SPOSA [sic], individually
and in his official capacity;
JOHN DOE, Superintendent of Nassau
County Jail; and Corpral [sic]
Kotch, Shield 336,

                    Defendants.
--------------------------------X
APPEARANCES
For Plaintiff:      Marc Jasmin, <u>pro se</u>
                    130006005
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances.

SEYBERT, District Judge:

        On March 7, 2014, incarcerated <u>pro se</u> plaintiff Marc

Jasmin ("Plaintiff") filed a Complaint in this Court pursuant to 42

U.S.C. § 1983 ("Section 1983") against the Nassau County Sheriff's

Department ("the Sheriff's Department"), Nassau County Sheriff

Michael Sposato, Corporal Kotch, Shield No. 336 ("Cpl. Kotch") and

"John Doe" the Superintendent of the Nassau County Correctional

Center ("Superintendent" and collectively "Defendants"),

accompanied by an application to proceed <u>in forma pauperis</u>.

        Upon review of the declaration in support of the

application to proceed <u>in forma pauperis</u>, the Court finds that

Plaintiff is qualified to commence this action without prepayment

of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Sheriff's Department and WITHOUT PREJUDICE as against Sheriff Sposato and the Superintendent pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's Section 1983 claim against Cpl. Kotch shall proceed.

BACKGROUND[1]

Plaintiff's brief, handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges that Plaintiff has been harassed by Cpl. Kotch during Plaintiff's incarceration at the Nassau County Jail. Plaintiff claims to have "received 10 disciplinary reports (tickets) in less than two weeks with no knowledge of getting written up." (Compl. ¶ IV.)

Beginning on October 12, 2013, Plaintiff recounts a series of incidents wherein Cpl. Kotch is alleged to have threatened Plaintiff, called him names and racial slurs, and to have had the Plaintiff written up when Plaintiff claims to have done nothing wrong. For example, Plaintiff describes that, on December 22, 2013, Cpl. Kotch asked Plaintiff to show him Plaintiff's identification card on Plaintiff's way to church and

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

Plaintiff claims to have complied. Notwithstanding his compliance, Plaintiff claims that another corrections officer brought Plaintiff a ticket for Plaintiff to sign that said Plaintiff ignored Cpl. Kotch's request and did not show his identification card. (Compl. ¶ IV.) Plaintiff claims that Cpl. Kotch "restricted all my movements" for two weeks and restricted Plaintiff's access to church for 30 days. (Compl. ¶ IV.) Plaintiff also alleges that Cpl. Kotch had the log books altered to reflect that Plaintiff had time out of his cell when in fact he has been denied "[his] right to mandatory 2 hours out [of] my cell" and was locked in for 48 hours. (Compl. ¶ IV; Compl. at 4.)

Plaintiff also describes that, on February 12, 2014, there was an announcement on the loudspeaker to "lock in" and when Plaintiff got to his cell the door closed before Plaintiff entered. Plaintiff claims that the door then opened a little bit and then shut several times, taunting Plaintiff. (Compl. at 4.) Plaintiff eventually entered his cell, but was later charged in a disciplinary hearing with "miss[ing] my gate." (Compl. at 4.)

As a result of the foregoing, Plaintiff claims to "fear for his life, safety and mental health and well being." (Compl. ¶ IV.A.) Plaintiff seeks to recover an unspecified sum of monetary damages as well as unspecified injunctive relief. (Compl. ¶ V.)

<u>DISCUSSION</u>

I.   <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  <u>See</u> 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II.  <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  <u>See</u> <u>id.</u> § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro</u> <u>se</u> plaintiff liberally. <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678; <u>accord</u> <u>Wilson v. Merrill Lynch & Co., Inc.</u>, 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

III. <u>Section 1983</u>

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; <u>accord</u> <u>Rehberg v. Paulk</u>, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" <u>Rae v. Cnty. of Suffolk</u>, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999)).

A.  Claim Against the Sheriff's Department

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted); Melendez v. Nassau Cnty., 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing the claims against Nassau County Sheriff's Department because it lacks the capacity to be sued).  Thus, Plaintiff's claim against the Sheriff's Department is not plausible because the Sheriff's Department has no legal identity separate and apart from Nassau County.  Accordingly, this claim is DISMISSED WITH PREJUDICE.

B.  Claims Against Sheriff Sposato and the Superintendent

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.  Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).  The Supreme Court held in Iqbal that "[b]ecause vicarious liability is

inapplicable to . . . § 1983 suits, . . . [a plaintiff] must plead that each Government-official defendant, through [the official's] own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

As is readily apparent, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by either Sheriff Sposato or the Superintendent, and it appears Plaintiff seeks to impose liability simply because of the supervisory positions they hold. Indeed, neither of these Defendants are mentioned in the body of the Complaint and there are no allegations of action or inaction attributable to either of them. Consequently, the Section 1983 claims asserted against Sheriff Sposato and the Superintendent are not plausible and are DISMISSED WITHOUT PREJUDICE.

C. Claims Against Cpl. Kotch

Though thin, the Court declines to sua sponte dismiss Plaintiff's claims against Cpl. Kotch at this early stage in the

proceedings.  Accordingly, the Court ORDERS service of the Summons and Complaint upon Cpl. Kotch by the United States Marshals Service ("USMS") forthwith.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED, however the Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE as against the Jail and WITHOUT PREJUDICE as against Sheriff Sposato and the Superintendent for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Plaintiff's claims against Cpl. Kotch shall proceed and the Court ORDERS service of the Summons and Complaint and a copy of this Order upon this Defendant by the USMS.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the <u>pro se</u> Plaintiff.

SO ORDERED.

<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.

Dated: May __29__, 2014
       Central Islip, New York